UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re:

J&D RESTAURANT HOLDINGS, LLC,
d/b/a R. J. Gator's d/b/a R. J. Gator's         Case No.: 08-23958-BKC-PGH
Sports Bar & Grill d/b/a Gator Realty,
                                                Chapter 11
             Debtor.
_____/

**EMERGENCY MOTION TO CONVERT
DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

U.S. Foodservice, Inc. ("U.S. Foodservice"), a secured creditor and party-in-interest of J&D Restaurant Holdings, LLC d/b/a R.J. Gator's d/b/a R.J. Gator's Sports Bar & Grill d/b/a Gator Realty, the above-captioned debtor ("Debtor"), by and through the undersigned counsel, hereby files its Emergency Motion to Convert the Debtor's Chapter 11 Case to Chapter 7 (the "Motion"). In support of this Motion, U.S. Foodservice states respectfully as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.   The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 1112 of the United States Bankruptcy Code.

**RELIEF REQUESTED**

3.   U.S. Foodservice is the only secured creditor with a valid and perfected first priority lien on the Debtor's inventory, supplies, raw materials, accounts, general intangibles and personal property assets.

4.	On November 4, 2008, the Court entered an Agreed Order Granting Debtors-in-Possession's Emergency Motion for Authority to Use Cash Collateral on a Final Basis (the "First Cash Collateral Order") [C.P. #71]. By the terms of the First Cash Collateral Order, the Debtor was permitted to continue its use of U.S. Foodservice's cash collateral until November 30, 2008, use of said collateral being granted presumably to provide time to procure a buyer for a § 363 sale.

5.	On November 12, 2008, this Court entered an Order scheduling an Auction of the Debtor's Assets for Monday, November 24, 2008 [C.P. #86]. No bids on said assets were forthcoming at the scheduled auction.

6.	Thereafter, per agreement between the Debtor and U.S. Foodservice and subsequent to a hearing on December 2, 2008, continued use of cash collateral was again granted by the Court subject to the conditions set forth in the Agreed Order Granting Debtor-in-Possession's Emergency Motion for Authority to Use Cash Collateral on a Final Basis (the "Second Cash Collateral Order") [C.P. #94].

7.	Specifically, continued use of the cash collateral was permitted on the condition that a potential buyer was to post a refundable $100,000.00 deposit as part of a § 363 sale by 5 p.m., December 8, 2008 (the "Deposit Deadline") [C.P. #94, paragraph 6]. Per the terms of the Second Cash Collateral Order, failure to receive said deposit by the specified time would automatically authorize U.S. Foodservice "to file an emergency motion to convert th[e] case to a Chapter 7 proceeding." *Id*.

8.	The Deposit Deadline having passed, and with no deposit being received as of the filing of this Motion, U.S. Foodservice respectfully requests that this Court enter an order with respect to the conversion as further detailed herein.

**DISCUSSION**

9. Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and hearing, a court shall convert or dismiss a case, whichever is in the best interest of creditors and the estate, if the movant establishes cause.

10. Courts have broad discretion to convert or dismiss a case when it is in the best interest of creditors of the estate. The Seventh Circuit has noted "bankruptcy courts are given a great deal of discretion to say when enough is enough." *In re Woodbrook Assoc's*, 19 F.3d 312, 322 (7th Cir. 1994) (citations omitted).

11. Notwithstanding the full cooperation of U.S. Foodservice with respect to the continued use of cash collateral and every effort having been made not to chill a potential sale, a legitimately interested buyer[1] has failed to materialize. Continued efforts to solicit a buyer will merely result in the further depletion of cash collateral and personal property assets, in which U.S. Foodservice is the only secured creditor.

12. The interests of the Debtor's secured creditor take precedence over the interest of the Debtor and/or its insiders. The interests of the creditor(s) would be better served by conversion of the case to Chapter 7 so that an impartial trustee can administer the assets in a fair and lawful manner. *See In re Blunt*, 236 B.R. 861, 866 (Bankr. M.D. Fla. 1999) (because a potential asset of the estate may benefit creditors, it is in the best interest of creditors to convert the case).

13. Absent any unusual circumstances specifically identified by the Court that establish that conversion is not in the best interest of the creditors and the estate, and in light of the continued depreciation of equipment and other collateral, and the absence of any likely

---

[1] In the opinion of U.S. Foodservice, the unwillingness of the only potential buyer to deposit $100,000.00 on an entirely refundable basis, more than evidences the lack of an interested purchaser at this stage of the proceedings.

rehabilitation of the Debtor, U.S. Foodservice respectfully submits that these proceedings must be converted to a case under Chapter 7 as soon as possible.

## **CONCLUSION**

14. For the reasons states above, U.S. Foodservice respectfully requests that the Court enter an Order (i) converting the Debtor's Chapter 11 case to Chapter 7; and (ii) granting U.S. Foodservice such other and further relief as may be just and appropriate.

**Dated: December 10, 2008.**

I HEREBY CERTIFY that I am admitted to the Bar of the Southern District Court of Florida and I am in compliance with the additional requirements to practice in this Court as set forth in Local Rule 2090-1(A).

        Respectfully submitted,

        ARNSTEIN & LEHR LLP
        Attorneys for Secured Creditor,
        U.S. Foodservice, Inc.

        By:/s/David A. Ray
           Stephen C. Hunt
           Florida Bar No.: 191582
           David A. Ray
           Florida Bar No.: 13871
           200 East Las Olas Boulevard
           Suite 1700
           Ft. Lauderdale, FL  33301
           Telephone:  (954) 713-7600
           Facsimile:  (954) 713-7700
           E-Mail:  shunt@arnstein.com
                    daray@arnstein.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2008 a true and correct copy of this filing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this filing via transmission of Notices of Electronic generated by CM/ECF, is being served upon:

Michael R. Bakst, Esq.    efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com

Eyal Berger, Esq.    eberger@kpkb.com, jparra@kpkb.com

Franck D Chantayan, Esq.    fchantayan@broadandcassel.com

Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

John E Page, Esq.    jpage@kpkb.com, belliott@kpkb.com;aperez@kpkb.com

Bradley S. Shraiberg, Esq.    bshraiberg@kpkb.com, belliott@kpkb.com;aperez@kpkb.com;jpage@kpkb.com

And by first class mail, in a sealed envelope, with fully pre-paid postage affixed thereto, upon:

Daniel Mahalic
c/o Capital Commercial Real Estate Group
221 W Hallandale Beach Blvd
Hallandale, FL 33009

Dean T Xenick
1700 Palm Beach Lakes Blvd #7fl
West Palm Beach, FL 33401.

                                                                  /s/David A. Ray
                                                                  David A. Ray